Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner.
Based upon all of the competent evidence in the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was employed by defendant-employer, a temporary employment agency, from 10 October 1997 until 27 February 1998. Defendant-employer placed plaintiff in a position as a lab technician at SGL Carbon, where her duties included measuring carbon cores for expansion, entering data into a computer, and cleaning lab equipment.
2. An employer-employee relationship existed between defendant-employer and plaintiff. There was no employer-employee relationship between SGL Carbon and plaintiff.
3. Plaintiff alleges that as a result of her employment with defendant-employer, she was exposed to certain chemicals at SGL Carbon, including quinoline and toluene. Plaintiff alleges that after a couple of weeks of working at SGL Carbon, those chemicals caused her health problems, including liver, kidney and lung damage, and neurological problems.
4. Plaintiff did not handle chemicals at SGL Carbon, but worked approximately ten to twelve feet from an exhaust hood where chemicals were used. Plaintiffs supervisor at SGL Carbon and a lab analyst for SGL Carbon, did not know of any health problems in the lab caused by chemical exposure, except one incident in which an employee splashed chemicals in his eye, but sustained no permanent injury.
5. Plaintiff resigned from her employment with defendant-employer in February 1998 citing health problems as the reason. Plaintiff first sought medical treatment from the Good Samaritan Clinic on 11 June 1998 complaining of exposure to toxic chemicals with excessive weight gain of thirty pounds, respiratory problems, decreased energy, cloudy urine, and painful irregular periods. Plaintiff was examined and laboratory studies performed. She was diagnosed with hypothyroidism, cystitis, abnormal LFTs, and hyperlipidemia. Plaintiff was given a prescription, but returned to the clinic on 19 June 1998 stating that she did not want to take medication.
6. Plaintiff was next treated by David C. Trott, M.D., at Park Ridge Hospital on 11 August 1998 and 14 August 1998. Dr. Trott examined plaintiff and reviewed material safety data sheets (MSDS) provided by plaintiff relating to certain chemicals used in the lab at SGL Carbon. Dr. Trott noted that, although the situation was difficult to judge without more information, plaintiffs problems might have been due to chemical exposure. He recommended more tests.
7. Carol Epling, M.D., as assistant clinical professor in the Occupational And Environmental Medicine at Duke University Medical Center, performed an independent medical evaluation of plaintiff on 5 October 1999. Dr. Epling examined plaintiff and reviewed her prior medical records, including those from the Good Samaritan Clinic, Dr. Trott, and from plaintiffs 1996 hospitalization at Broughton Hospital. Dr. Epling reviewed the MSDS provided by plaintiff relating to chinoline, which contains quinoline and toluene. Dr. Epling also ordered comprehensive diagnostic testing, including chest x-ray, pulmonary function measurements, and methacholine challenge, which showed normal lung function and no presence of asthma. Plaintiffs previously mildly elevated liver enzymes were within normal limits, except one, which was not clinically significantly abnormal. Dr. Epling noted that plaintiffs fatigue and shortness of breath are of unknown etiology and may be due to her weight gain and that her symptoms were improving. Based upon plaintiffs occupational exposure history, no further diagnostic testing for possible occupational illnesses was indicated. Plaintiff does not have an occupational illness.
8. The evidence fails to establish that plaintiffs various health conditions were due to causes and conditions that were characteristic of and peculiar to her employment with defendant-employer.
9. The evidence fails to show that plaintiffs employment with defendant-employer placed her at an increased risk for contracting various health conditions as compared to members of the general public not so employed.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. An employer-employee relationship existed between defendant-employer and plaintiff. There was no employer-employee relationship between SGL Carbon and plaintiff. G.S. 97-2.
2. The Industrial Commission has jurisdiction over the case, and the parties are subject to the North Carolina Workers Compensation Act. G.S. 97-2.
3. Plaintiff failed to prove that her various health conditions were due to causes and conditions that were characteristic of and peculiar to her employment with defendant-employer, but excluding all ordinary diseases of life to which the general public is equally exposed. G.S.97-53(13); Booker v. Duke Medical Center, 297 N.C. 458, 256 S.E.2d 189
(1979).
4. Plaintiff failed to prove that her employment with defendant-employer put her at an increased risk of developing her various health conditions as compared to members of the general public not so employed. Rutledge v. Tultex Corp., 308 N.C. 85, 301 S.E.2d 359 (1983).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiffs claim for compensation under the Act is hereby DENIED.
2. Each party shall bear its own costs.
 S/________________________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/____________________ BERNADINE S. BALLANCE COMMISSIONER
 S/________________ DIANNE C. SELLERS COMMISSIONER